## DEREK FULTON *v.* COMMISSIONER OF CORRECTION
### (AC 31685)

Lavine, Robinson and West, Js.

Argued December 8, 2010—officially released February 22, 2011

*Daniel J. Foster*, special public defender, for the appellant (petitioner).

*Sarah Hanna*, assistant state's attorney, with whom, on the brief, were *John C. Smriga*, state's attorney, and, *Nicholas J. Bove, Jr.*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

LAVINE, J. The petitioner, Derek Fulton, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion by denying his petition for certification to appeal and improperly rejected his claims that (1) pursuant to Practice Book § 43-10, he had been denied the right to be sentenced on the date scheduled and (2) his due process rights were violated when he was sentenced more than three weeks before the alleged date for sentencing.[1] We disagree and dismiss the appeal.

The following facts and procedural history are relevant to the petitioner's appeal. On June 10, 2005, the petitioner, with the assistance of his attorney, Frank Riccio II (Riccio II), pleaded guilty to charges contained in six court files pending in the judicial district of Fairfield at Bridgeport. Specifically, the petitioner pleaded guilty to three counts of forgery in the second degree in violation of General Statutes § 53a-139 and to one count each of larceny in the third degree in violation of General Statutes § 53a-124, larceny in the fourth degree in violation of General Statutes § 53a-125 and

---

[1] The petitioner also claims that the judgment of the habeas court should be reversed on its merits because his due process rights and his rights pursuant to Practice Book § 43-10 were denied when he was sentenced more than three weeks before his scheduled sentencing date. Because we conclude that the petitioner has not demonstrated that the habeas court abused its discretion in denying his petition for certification to appeal from the denial of his petition for a writ of habeas corpus, we do not address whether the judgment of the habeas court should be reversed on its merits.

larceny in the fifth degree in violation of General Statutes § 53a-125a.

Prior to pleading guilty to those charges, the petitioner entered into a plea agreement (agreement) that called for sentencing to take place on July 25, 2005. The agreement also provided that if the petitioner made restitution in the amount of $4800 on or before the sentencing date, the court would consider imposing the low end of the plea agreement, which was a total effective sentence of ten years imprisonment, suspended after four years, with five years of probation.

Upon entry of his guilty pleas, the court, *Reynolds, J.*, canvassed the petitioner regarding all aspects of his agreement and his understanding of the rights he was waiving. The court also conducted a *Garvin* canvass[2] in which it advised the petitioner that if he failed to return to the court on the morning of July 25, 2005, with the $4800 in restitution, the court could impose an agreed on disposition of fifteen years imprisonment, suspended after seven years, with five years probation. The court also advised the petitioner that if he did not return to the court on July 25, 2005, the agreement would no longer be binding and the court could sentence him to thirty-four and one-half years of incarceration, the maximum sentence allowed by statute.[3]

On July 25, 2005, the petitioner was hospitalized. The court continued his sentencing to July 26, 2005. On

[2] "A *Garvin* agreement is a conditional plea agreement that has two possible binding outcomes, one that results from the defendant's compliance with the conditions of the plea agreement and one that is triggered by his violation of a condition of the agreement. See *State* v. *Garvin*, 242 Conn. 296, 299–302, 699 A.2d 921 (1997). The term *Garvin* canvass is used to designate a canvass of a conditional plea agreement made pursuant to *Garvin*." *State* v. *Small*, 78 Conn. App. 14, 16 n.1, 826 A.2d 211 (2003).

[3] The habeas court found that the petitioner, at the time of his guilty pleas, was able to understand the proceedings in court and the advice of his attorney.

that day, the court notified both parties that sentencing would be continued to August 11, 2005. On August 10, 2005, the petitioner was notified by his attorney's office that he was required to attend the sentencing proceeding the following day. The petitioner, however, failed to appear for the sentencing, and the court issued a rearrest warrant.

Sometime between August and December 13, 2005, the petitioner was served with a warrant concerning charges pending against him in Stamford and also was served with a warrant for failure to appear for his August 11, 2005 sentencing. The petitioner was taken to Bridgeport on December 13, 2005, and Judge Reynolds imposed a total effective sentence of fourteen years imprisonment on the charges to which he pleaded guilty in June, 2005, under the agreement.[4]

On September 11, 2009, the petitioner filed an amended petition for a writ of habeas corpus.[5] In his petition, he alleged that on December 7, 2005, he was notified by the court, in person, that all matters concerning the agreement would be addressed on January 4, 2006.[6] Therefore, the petitioner claimed, his due process

[4] The petitioner also pleaded guilty to one count of failure to appear in the first degree in violation of General Statutes § 53a-172 and was sentenced to five years imprisonment. That sentence was to run concurrently with the sentence imposed on the charges to which the petitioner pleaded guilty on June 10, 2005.

[5] The petitioner did not file a motion to withdraw his plea, nor did he appeal from his conviction.

[6] The petitioner relies on the following colloquy with Judge Reynolds during his arraignment on a violation of probation charge to support his argument that the sentencing on the six charges to which he pleaded guilty in June, 2005, had been continued to January 4, 2006:

"The Court: Weren't you just in this court a couple days ago?

"[The Petitioner]: Yes, ma'am.

"The Court: What are you in on? Were you an arraignment a couple of days ago?

"[The Petitioner]: Yes, ma'am.

"The Court: Yeah. Do you remember what day we put the case down for?

"[The Petitioner]: The thirteenth.

"The Court: Thirteenth of?

rights were violated when he was sentenced on December 13, 2005, because, among other things, the court imposed a harsher sentence based on his failure to have the restitution money at that time, even though he believed that he had until January 4, 2006, to provide restitution.

On October 9, 2009, the habeas court, *Nazzaro, J.*, conducted a one day hearing on the petition and heard testimony from the petitioner and his wife, Lisa Fulton, Riccio II, Frank Riccio, Sr., and Nancy Jimenez, an employee at the Law Offices of Frank J. Riccio. The petitioner testified that he was arraigned in Bridgeport on a warrant for violation of probation on December 7, 2005, and the court stated that it was going to add the new violation of probation charge with his guilty pleas pursuant to the agreement and "move the schedule date to January 4." The petitioner claimed that it was his understanding that he was going to be sentenced on that date pursuant to the agreement and that restitution would be due then as well. Additionally, the petitioner testified that had he known that he was going to be sentenced on December 13, 2005, rather than on January 4, 2006, he would have brought the restitution money to the hearing.

Riccio II testified, however, that the petitioner's sentencing was never continued to January 4, 2006, at any

"[The Petitioner]: December. . . .

"Bail Commissioner: He has six files down for the thirteenth, Your Honor, in this courthouse, and it's only this courthouse. . . .

"[Assistant Public Defender]: The only request is, on behalf of [the petitioner], he indicates that attorney Riccio [II] is going to handle this matter as well as all of his other cases and is on trial, currently. If Your Honor pleases, possibly this could either go to the thirteenth, but [the petitioner] indicates that attorney Riccio [II] will be on trial the thirteenth and is requesting some time after the thirteenth. . . .

"The Court: All right. I'm going to set bond at $75,000. And the smart thing to do would be to take those six files, plus this one file, and put them all down for the fourth? January 4? . . . Let your attorney know that everything has been moved to January 4 from the thirteenth."

time. He also testified that he went to court on December 13, 2005, and requested to continue all matters to January 4, 2006, but that the petitioner was sentenced anyway.

Following the completion of evidence, in an oral decision, the habeas court denied the petitioner's petition for a writ of habeas corpus. The habeas court concluded that the trial court acted within its "ability and power" to impose the sentence it did as a consequence of the violation of the agreement. It further concluded that there was no violation of due process and that "[b]y holding the [petitioner] to his guilty pleas while imposing sentences reflecting his failure to appear, the trial court did no more than enforce the terms of the plea agreement." Accordingly, the habeas court found that the sentencing did not violate the petitioner's right to due process.[7]

The court further credited the testimony of Riccio II and did not credit the petitioner's testimony that "he was able to pay the $4800 and even at the present has $4800 to pay the restitution that was referenced." The court, however, did not make any findings that sentencing pursuant to the agreement had been moved from December 13, 2005, to January 4, 2006, and the petitioner did not file a motion for articulation concerning this issue.

On October 15, 2009, the petitioner filed a petition for certification to appeal from the denial of his petition for a writ of habeas corpus. On October 26, 2009, the court denied the petition. This appeal followed.

"We set forth the appropriate standard of review. Faced with the habeas court's denial of certification to

---

[7] The court went on to state that "there is nothing remarkable about the conduct of the court in imposing what was the previously agreed upon sentence, where it is clearly established that [the petitioner] understood the full ramifications of his nonappearance."

appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . To prove an abuse of discretion, the petitioner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted; internal quotation marks omitted.) *Lewis* v. *Commissioner of Correction*, 116 Conn. App. 400, 404, 975 A.2d 740, cert. denied, 294 Conn. 908, 982 A.2d 1082 (2009).

The petitioner first claims that his rights pursuant to Practice Book § 43-10 were violated when the trial court sentenced him on December 13, 2005, rather than on January 4, 2006. Section 43-10 provides in relevant part: "Before imposing a sentence or making any other disposition after the acceptance of a plea of guilty or nolo contendere or upon a verdict or finding of guilty, the judicial authority shall, upon the date previously determined for sentencing, conduct a sentencing hearing . . . ."

The petitioner claims that this section unambiguously requires that the court conduct a sentencing hearing that has been scheduled in advance before any sentence may be imposed.[8] The petitioner, however, did not raise this issue or cite this rule of practice in his amended petition for a writ of habeas corpus, nor did he raise this issue during the habeas hearing. In its oral decision, the habeas court did not address whether the petitioner's rights under this section had been violated.

"It is well settled that [t]he petition for a writ of habeas corpus is essentially a pleading and, as such, it

---

[8] The petitioner does not indicate, however, how long in advance a sentencing hearing must be scheduled in order to comply with this statute.

should conform generally to a complaint in a civil action. . . . The principle that a plaintiff may rely only upon what he has alleged is basic. . . . It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. . . . While the habeas court has considerable discretion to frame a remedy that is commensurate with the scope of the established constitutional violations . . . it does not have the discretion to look beyond the pleadings and trial evidence to decide claims not raised." (Internal quotation marks omitted.) *Abdullah* v. *Commissioner of Correction*, 123 Conn. App. 197, 202, 1 A.3d 1102, cert. denied, 298 Conn. 930, 5 A.3d 488 (2010).

Because the petitioner never presented the habeas court with the opportunity to address this issue, we will not speculate as to how the court would have decided it, had the issue been properly raised in the habeas court. "This court is not bound to consider claimed errors unless it appears on the record that the question was distinctly raised . . . and was ruled upon and decided by the court adversely to the appellant's claim. . . . To review [the claim] now would amount to an ambuscade of the [habeas] judge. . . . This court is not compelled to consider issues neither alleged in the habeas petition nor considered at the habeas proceeding . . . ." (Internal quotation marks omitted.) *Satchwell* v. *Commissioner of Correction*, 119 Conn. App. 614, 619, 988 A.2d 907, cert. denied, 296 Conn. 901, 991 A.2d 1103 (2010). Therefore, the petitioner has failed to demonstrate that, based on this issue, the habeas court abused its discretion in denying his petition for certification to appeal.

The petitioner next argues that his due process rights were violated when the trial court sentenced him on December 13, 2005, because, had he been sentenced on January 4, 2006, he would have been able to procure the $4800 for restitution, and it is possible that the court

would have imposed a shorter sentence as a result. We are not persuaded.[9]

"The notion of fundamental fairness embodied in due process implies that whatever promises the government makes in the course of a plea agreement to induce a guilty plea must be fulfilled." (Internal quotation marks omitted.) *State* v. *Rosado*, 92 Conn. App. 823, 827, 887 A.2d 917 (2006). In other words, "[w]hen a guilty plea is induced by promises arising out of a plea bargaining agreement, fairness requires that such promises be fulfilled by the state. . . . The same concept of fairness ordinarily impels the court, in its discretion, either to accord specific performance of the agreement or to permit the opportunity to withdraw the guilty plea." (Internal quotation marks omitted.) *State* v. *Garvin*, 242 Conn. 296, 313, 699 A.2d 921 (1997).

Here, after pleading guilty to various offenses, Judge Reynolds advised the petitioner that if he failed to attend his sentencing hearing on July 25, 2005, with the $4800 for restitution, a sentence of fifteen years imprisonment, suspended after seven years, would be imposed. The court also told the petitioner that if he did not come back for sentencing, the plea agreement would no longer be binding on the court. The petitioner's sentencing date subsequently was moved to August 11, 2005, and he was notified by his attorney's office that he needed to appear in court on that date, yet he failed to appear. At that point, the plea agreement was

---

[9] In our analysis of this claim, we need not reach the issue of whether the petitioner's sentencing was actually moved from December 13, 2005, to January 4, 2006. Moreover, the record is inadequate on this issue, and the petitioner failed to seek an articulation from the habeas court about whether it found that the sentencing date had been moved to January 4, 2006, or clarification from the trial court at the December 7, 2005 hearing about whether it had continued his sentencing date under the agreement for January 4, 2006.

violated, and the court could impose any sentence, permitted under statute, that it found warranted.[10] Also, because the agreement was no longer binding, the court was under no obligation to take into consideration whether the petitioner had paid restitution to his victims.

The petitioner claims that when restitution is an issue at sentencing, holding a sentencing hearing on a date for which it was not scheduled prevents him from producing the restitution at the hearing. As noted, however, restitution was no longer an issue in this case because the plea agreement had been abrogated due to the petitioner's own conduct.

Additionally, the petitioner does not claim that he was denied the assistance of counsel during his sentencing hearing. Instead, he claims that holding the sentencing hearing three weeks earlier than the date on which it had been scheduled deprived him and his counsel of a reasonable opportunity to prepare for the hearing. We find this argument unavailing given the circumstances of this case. Riccio II was not only present at the sentencing hearing on December 13, 2005, but he also testified that he was well aware that sentencing would occur on that date and that it had never been moved to January 4, 2006.

We conclude that Judge Reynolds was under no obligation to abide by the agreement. Also, Judge Reynolds adequately warned the petitioner of the consequences of failure to appear for his sentencing hearing. Pursuant to our case law and the agreement in this case, once the petitioner violated the *Garvin* agreement, Judge Reynolds had the authority to impose any sentence permitted by statute, and the petitioner no longer had

---

[10] During oral argument in this court, counsel for the petitioner conceded that the plea agreement was no longer operative once the petitioner failed to attend his sentencing hearing on August 11, 2005.

the right to be given the opportunity to procure the money for restitution.[11] The petitioner has failed to demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further. See *Lewis* v. *Commissioner of Correction*, supra, 116 Conn. App. 404.

The appeal is dismissed.

In this opinion the other judges concurred.

---

[11] We also note that this court previously has decided that a trial court has the authority to impose a sentence that is not in accordance with a *Garvin* agreement if the defendant has violated one of the conditions of the agreement. See *State* v. *Wheatland*, 93 Conn. App. 232, 888 A.2d 1098, cert. denied, 277 Conn. 919, 895 A.2d 793 (2006).